IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TEWAN WILSON, # 297093,           )<br>)<br>     Petitioner,           )<br>)<br>     v.                    )<br>                              )<br>LEE COUNTY DETENTION   )<br> CENTER, *et al.*,            )<br>                              )<br>     Respondents.          ) | Civil Action No. 3:15cv167-WKW<br>                    (WO) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Tewan Wilson ("Wilson") on March 5, 2015. Doc. No. 1. Wilson challenges his 2014 marijuana-distribution conviction obtained in the Circuit Court of Lee County, Alabama.[1] He raises claims of trial error and ineffective assistance of counsel. Doc. No. 1 at 5-8; Doc. No. 11. The respondents answer that Wilson's petition contains unexhausted claims and should be dismissed without prejudice to allow him to exhaust his claims in the state courts. Doc. No. 15. Wilson was afforded an opportunity to show cause why his petition should not be dismissed based on his failure to exhaust.

## DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the

---

[1] Wilson was sentenced to 15 months in prison. He appealed, and on September 26, 2014, the Alabama Court of Criminal Appeals affirmed his conviction and sentence. Resp'ts Ex. 5. He did not seek rehearing, and on October 15, 2014, the Alabama Court of Criminal Appeals entered a certificate of judgment. Resp'ts Ex. 6. He has not yet challenged his conviction and sentence via a state petition for post-conviction relief under Ala.R.Crim.P. 32.

judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). The exhaustion doctrine in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples,* 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

In his habeas petition, Wilson argues:

1. The process of jury selection at his trial violated his constitutional rights.

2. His trial attorney rendered ineffective assistance of counsel by not moving for a mistrial on the grounds that his jury was "tainted," the State's video evidence was inadmissible, the State's evidence was insufficient to support his conviction, and the City of Opelika Police Department has a "personal vendetta against" him.

Doc. No. 1 at 5-8. Wilson moved to amend his petition to add a claim that one of the State's witnesses should not have been allowed to testify because criminal charges were pending against the witness. Doc. No. 11.

Upon review of the pleadings and other materials filed in this case, it is evident that Wilson has not yet exhausted his available state court remedies regarding some of the claims in his petition, particularly his claims of ineffective assistance of counsel. Wilson possesses the opportunity to seek review of his claims of ineffective assistance of counsel in state court via a properly filed Rule 32 petition if such petition is filed by October 15, 2015, i.e., within one year of the Alabama Court of Criminal Appeals' entry of its certificate of judgment in his direct appeal. *See* Ala.R.Crim.P. 32.2(c) (setting forth one-year limitation period for filing Rule 32 petitions, running from state appellate court's entry of certificate of judgment)

Under the circumstances, this court does not deem it appropriate to rule on Wilson's claims for relief without first requiring that he exhaust the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Wilson can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to afford Wilson an opportunity to exhaust all state court remedies available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before July 8, 2015.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 25th day of June, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE